## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

JOHN VARAS,

     **Plaintiff,**

v.                        **Case #_____**

HARTFORD LIFE AND
ACCIDENT INSURANCE
COMPANY,

     **Defendant.**
_____/

## COMPLAINT

The Plaintiff, JOHN VARAS (VARAS), sues the Defendants, HARTFORD ACCIDENT INSURANCE COMPANY (HARTFORD), and states:

### Jurisdiction and Venue – Allegations Common to All Counts

1.      This is an action for relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et. seq.

2.      This Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. § 1132.

3.      HARTFORD is an insurance company headquartered in Connecticut, licensed to transact business in Florida, which is or was at all relevant times engaged in business in this District.

4.     VARAS was at all relevant times employee of ECMC, an entity owned by ECMC Group, Inc. (ECMC), a business headquartered in Minneapolis, Minnesota and engaged in business within this District.

5.     Venue is proper in this District.

## COUNT I
### (Action for Short Term Disability Plan Benefits)

### The Claim

6.     VARAS realleges paragraphs 1 through 5 as if fully stated herein, and further states:

7.     At all relevant times, VARAS was a participant in an employee benefit plan sponsored by ECMC which provided Short Term Disability (STD) benefits ("the STD Plan").

8.     ECMC funded its STD Plan by purchasing a group policy of insurance for Short Term Disability (Plan #GRH-697172) underwritten by HARTFORD.  A copy of the Short Term Disability policy is attached hereto Exhibit "A" and is incorporated by reference.

9.     VARAS worked as an Instructor at ECMC Group, Inc.

10.    HARTFORD also handled management of Family and Medical Leave Act claims for ECMC employees.  On June 9, 2017, it approved intermittent FMLA leave from June 12, 2017 through December 11, 2017.

11.    Though he continued to try to work with multiple medical conditions, VARAS ultimately made a claim for STD benefits on November 17, 2017.  VARAS was forced to stop working due to the combined effects of

Parkinson's Disease, schizoaffective disorder, and other conditions, which made it such that he could not continue working in his own occupation.

12.     VARAS's initial claim included records and a form requested by HARTFORD called an "Attending Physician's Statement" completed by his neurologist that treats his Parkinson's Disease, Yolando Reyes, M.D. which documented significant objective neurological symptoms, including: "Freezing of gait, postural instability, cogwheel rigidity, and postural tremors."

13.     HARTFORD approved continuous FMLA leave starting November 17, 2017.

14.     HARTFORD denied VARAS's claim for STD benefits by letter dated April 9, 2018.

15.     VARAS filed a timely pre-suit appeal as required by the STD Plan on June 4, 2018.

16.     VARAS's June 4, 2018 letter had the words "SHORT TERM DISABILITY APPEAL" prominently displayed in a text box at the top of the page in bold, 16-point font.

17.     Included with VARAS's appeal were various documents, including a 2-Day Functional Capacity Evaluation dated January 23, 2018 which documented significant limitations that would preclude work.

## No Appeal Decision – Serious Procedural Irregularity – De Novo

18.     In VARAS's appeal letter he informed HARTFORD that the applicable deadline to render a decision on the appeal was July 19, 2018 pursuant to 29 C.F.R. §2560.503-1.

19.     Upon initiation of a disability benefits claim, an ERISA plan claim administrator has 45 days with which to make a determination. 29 C.F.R. § 2560-503.1(i)(3). This period of time "shall begin at the time an appeal is filed . . . without regard to whether all the information necessary to make the benefit determination on review accompanies the filing" 29 C.F.R. § 2560-503.1(i)(4)).

20.     A claim administrator may extend the period for up to 45 days, and in no event shall the extension exceed a period of 45 days.  29 C.F.R. § 2560.503-1(i)(1)(i); 29 C.F.R. § 2560.503-1(i)(3).

21.     The 45th day following receipt of VARAS's STD claim appeal was July 19, 2018.

22.     HARTFORD did not decide VARAS's appeal for STD benefits by July 19, 2018.

23.     HARTFORD did not request the 45-day extension as permitted by 29 C.F.R. §2560.503-1 at any time before July 19, 2018.

24.     On July 25, 2018, VARAS sent a letter asking HARTFORD to make a decision following his appeal as HARTFORD provided no decision at that time.

25.   On August 1, 2018, HARTFORD responded to VARAS's July 25, 2018 acknowledging VARAS's appeal and stated HARTFORD would begin review at that time – **58 days** after receipt of VARAS's STD appeal.

26.   HARTFORD failed to acknowledge in its August 1, 2018 letter that it had surpassed the July 19, 2018 deadline to decide VARAS's claim.

27.   VARAS submitted a second request for a decision on his STD appeal to HARTFORD on August 10, 2018.

28.   VARAS's letter dated August 10, 2018, again specifically stated that [a]pplicable timelines pursuant to 29 C.F.R. § 2560.503-1 beg[a]n with receipt of VARAS's appeal.

29.   As of December 13, 2018, the date of this Complaint, HARTFORD still has not decided VARAS's STD claim appeal.

30.   As of December 13, 2018, HARTFORD has been in possession of VARAS's STD appeal for **192 days**, well in excess of the maximum 90-day period permitted were an extension properly requested (which it was not) under 29 C.F.R. §2560.503-1.

31.   At no time has HARTFORD informed VARAS that it would need to take the 45-day extension (or an extension of any length.

32.    By failing to decide VARAS's STD claim appeal within the required time frame stated in 29 C.F.R. §2560.503-1, HARTFORD committed a serious procedural irregularity.

33.     VARAS's STD claim is deemed denied by HARTFORD's failure to make a decision within the time deadline required by 29 C.F.R. § 2560-503-1.

34.     Under 29 C.F.R. § 2560.503-1(l), when HARTFORD failed to follow the regulated deadlines, VARAS was deemed to have exhausted all administrative remedies.

35.     VARAS was and continues to be prejudiced by HARTFORD's failure to make a timely decision on his STD claim appeal.

36.     De novo review applies to this action for STD benefits by virtue of HARTFORD's violation of 29 C.F.R § 2560.503-1 and the serious procedural irregularities described in this Count.

**De Novo Review is Required Under Minnesota Insurance Law**

37.     Minnesota law bans insurance provisions "purporting to reserve discretion to the insurer to interpret the terms of the contract or provide a standard of review that is inconsistent with the laws of this state, or less favorable to the enrollee when a claim is denied than a preponderance of the evidence standard."  MINN. STAT. 60A.42.  To the extent that the Court does not hold that the serious procedural irregularity described above results in de novo review, this Minnesota statute which is saved from preemption as a state insurance law prohibits application of the abuse of discretion standard of review.

## STD Benefits at Issue

38.     VARAS is entitled to 25 weeks of benefits under the STD Plan, payable at 100% of his Pre-disability Earnings from November 17, 2017 through February 9, 2018, and payable at 80% of his Pre-Disability Earnings from February 10, 2018 through May 4, 2018.

39.     VARAS earned $56,000 per year, or $1,076.92 per week, before he became disabled.

40.     HARTFORD owes VARAS $14,000 for the period from November 17, 2017 to February 9, 2018.

41.     HARTFORD owes VARAS $11,199.97 for the period from February 10, 2018 through May 4, 2018.

42.     As of the date of filing this action, HARFORD owes VARAS a total of $25,199.97 in STD benefits.

43.     VARAS is entitled to benefits herein because:

(a)     The benefits are permitted under the Plan.

(b)     Plaintiff has satisfied all conditions to be eligible to receive the benefits.

(c)     Plaintiff has not waived or otherwise relinquished entitlement to the benefit.

44.     Each weekly benefit payment owed since November 17, 2017 is a liquidated sum and became liquidated on the date the payment was due and payable.  Plaintiff seeks pre-judgment interest on each such payment.

45.     Pursuant to ERISA § 502(g), 29 U.S.C. §1132(g), VARAS is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA.  Plaintiff has been required to obtain the undersigned attorney to represent her in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.

**WHEREFORE**, the Plaintiff, JOHN VARAS, asks this Court to enter judgment against the Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, finding that:

(a)     The Plaintiff is entitled to Short Term Disability benefits from November 17, 2017 through May 4, 2018;

(b)     Awarding benefits in the amount not paid to the Plaintiff from November 17, 2017 to May 4, 2018 in the amount of $25,199.97, together with pre-judgment interest at the legal rate on each monthly payment from the date it became due until the date it is paid, and declare entitlement to any additional benefits owed to Plaintiff from the time of filing this Complaint to the time of Judgment in this action;

(c)     Award reasonable attorney fees and costs incurred in this action; and

(d)     For such other and further relief as this Court deems just and proper, including but not limited to ordering Defendant to advise Plaintiff's former employer or any other necessary entity that benefits in this action were properly paid through the date of this Court's Order awarding benefits for

purposes of coordinating or reinstating any ancillary benefits which should properly be paid or for which coverage should be awarded as a result of Plaintiff's receipt of disability benefits under the Plan.

## COUNT II
### (Action for Long Term Disability Benefits)

### The *Attempted* Claim -- HARTFORD's Failure to Acknowledge VARAS's Long Term Disability Benefit Application

46.     VARAS realleges paragraphs 1 through 5 as if fully stated herein, and further states:

47.     At all relevant times, in addition to the STD Plan, VARAS was a participant in an employee benefit plan sponsored by ECMC which provided Long Term Disability (LTD) benefits (the LTD Plan).

48.     ECMC funded its Plan by purchasing a group policy of insurance for LTD (Policy #GLT-402883) underwritten by HARTFORD.  A copy of the LTD group insurance policy is attached hereto Exhibit "B" and is incorporated by reference.

49.     VARAS worked as a Instructor at ECMC Group, Inc.

50.     On February 8, 2018, VARAS attempted to make a claim for LTD benefits under the Plan after he was forced to stop working on November 17, 2017 due to the combined effects of Parkinson's Disease, schizoaffective disorder, and other conditions, which made it such that he could not continue working in his own occupation.  His undersigned attorney's letter included the

text: "**REQUEST TO INITIATE LTD CLAIM**" in 14-point, bold font at the top of a letter to the Hartford adjuster, Rebecca Penn, and stated:

> I would also like to write to initiate a Long Term Disability claim on behalf of Mr. Varas to the extent that he had not already done so. Should the Hartford require any forms completed or any calls to a specific adjuster, please inform me in writing and we would be happy to facilitate such requests.

51.     HARTFORD did not respond to the February 8, 2018 letter.

52.     On March 2, 2018 via a letter from the undersigned counsel to Ms. Penn, VARAS again asked what was needed to pursue his LTD claim.

53.     When HARTFORD did not respond again, the undersigned attorney wrote to HARTFORD again on March 15, 2018 inquiring about the status of his LTD claim.

54.     On April 20, 2018, the undersigned attorney sent a fourth letter to HARTFORD inquiring as to the status of the LTD and asking that any denial letters be sent as well, in the event that an appeal of a denied claim was required.

55.     HARTFORD did not respond to the April 20, 2018 letter.

56.     On July 25, 2018, the undersigned attorney wrote to HARTFORD for the fifth time requesting the status of VARAS's Long Term Disability Claim.

57.     HARTFORD did not respond to the July 25, 2018 letter.

58.     On August 10, 2018, for the sixth and final time, the undersigned attorney wrote to HARTFORD on behalf of VARAS requesting the status of VARAS's LTD claim.

59.     At no time has HARTFORD ever acknowledged VARAS's written request to initiate an LTD claim or take action on an LTD claim.

60.     HARTFORD has been in possession of VARAS' request to initiate a LTD claim for **308 days** as of December 13, 2018, the date of filing this Complaint.

## De Novo Standard of Review Due to No Action on Claim

61.     HARTFORD has committed a serious procedural irregularity by failing to act on VARAS's LTD claim as required by 29 C.F.R. §2560.503-1.

62.     VARAS's LTD claim is deemed denied by HARTFORD's failure to make a decision within the time frame prescribed by 29 C.F.R. § 2560-503-1.

63.     Under 29 C.F.R. § 2560.503-1(l), when HARTFORD failed to meet the required deadline, VARAS was deemed to have exhausted all administrative remedies.

64.     VARAS was and continues to be prejudiced by HARTFORD's failure to make a timely decision on his LTD claim appeal.

65.     De novo review applies to this action for STD benefits by virtue of HARTFORD's violation of 29 C.F.R § 2560.503-1 and the serious procedural irregularities described in this Count.

## De Novo Review is Required Under Minnesota Insurance Law

66.     Minnesota law bans insurance provisions "purporting to reserve discretion to the insurer to interpret the terms of the contract or provide a standard of review that is inconsistent with the laws of this state, or less favorable to the enrollee when a claim is denied than a preponderance of the evidence standard." MINN. STAT. 60A.42.  To the extent that the Court does not hold that the serious procedural irregularity described above results in de novo review, this Minnesota statute which is saved from preemption as a state insurance law prohibits application of the abuse of discretion standard of review.

## LTD Benefits at Issue

67.     VARAS is entitled to benefits under the LTD Plan consisting of Long Term Disability from May 5, 2018 through the date this Complaint was filed or such later date as determined by this Court.

68.     Benefits under the group LTD insurance policy are calculated at a rate of 60% of VARAS's Pre-disability Monthly Earnings.

69.     VARAS earned $4,666.67 monthly, yielding a gross monthly benefit payment of $2,800.00.

70.     As of the date of filing this action, HARFORD owes VARAS a total of seven (7) monthly benefit payments at the rate of $2,800.00, an aggregate sum of $19,600.00

71.     Plaintiff is entitled to benefits herein because:

(a)     The benefits are permitted under the Plan.

(b)      Plaintiff has satisfied all conditions to be eligible to receive the benefits.

(c)      Plaintiff has not waived or otherwise relinquished entitlement to the benefit.

72.    Each monthly benefit payment owed since May 5, 2018 is a liquidated sum and became liquidated on the date the payment was due and payable. Plaintiff seeks pre-judgment interest on each such payment.

73.    Pursuant to ERISA § 502(g), 29 U.S.C. §1132(g), VARAS is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA. Plaintiff has been required to obtain the undersigned attorney to represent her in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.

**WHEREFORE**, the Plaintiff, JOHN VARAS, asks this Court to enter judgment against the Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, finding that:

(i)      The Plaintiff is entitled to Long Term Disability benefits from May 5, 2018 through the date of filing this Complaint or such other date to be established by this Court;

(ii)     Awarding benefits in the amount not paid to the Plaintiff from May 5, 2018 to the date of filing this lawsuit - a total of $19,600.00, together with pre-judgment interest at the legal rate on each monthly payment from the date it became due until the date it is paid, and declare entitlement to any

additional benefits owed to Plaintiff from the time of filing this Complaint to the time of Judgment in this action;

       (iii)    Award reasonable attorney fees and costs incurred in this action; and

       (iv)    For such other and further relief as this Court deems just and proper, including but not limited to:

            a.    a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits, and

            b.    remanding Plaintiff's claim to the Plan Administrator for further action to address continuing benefits after the final date of benefits awarded by this Court, and

            c.    ordering Defendant to advise Plaintiff's former employer or any other necessary entity that benefits in this action were properly paid through the date of this Court's Order awarding benefits for purposes of coordinating or reinstating any ancillary benefits which should properly be paid or for which coverage should be awarded as a result of Plaintiff's receipt of disability benefits under the Plan.

DATED this 12th day of December, 2018.

                    /s/  John V. Tucker    .
                    JOHN V. TUCKER, ESQUIRE
                    Florida Bar # 899917
                    TUCKER & LUDIN, P.A.
                    5235 16th Street North
                    St. Petersburg, Florida 33703
                    Tel.:   (727) 572-5000
                    Fax:   (727) 571-1415
                    tucker@tuckerludin.com
                    Attorney and Trial Counsel for Plaintiff